MARGARET WEBSTER *et al.*, plaintiffs in error, *vs.* ROBERT THOMPSON, administrator, *et al.*, defendants in error. | 55   431 |
| 114   340 |

1. Although the defendants have not demurred, but have filed their answer, the bill is subject to be dismissed, on motion, at the trial term, if the matters alleged therein entitle the complainants to no decree whatever.

2. On a motion to dismiss the bill, the answer is not considered.

3. The heirs-at-law, before the appointment of a permanent administrator, have no right of action upon the bond of a temporary administrator which is conditioned to preserve the assets and deliver them to a permanent administrator; and a bill in equity, founded on such a bond, in which some of the heirs are complainants, and the temporary administrator and his sureties are defendants, is not maintainable, though it allege that all the debts are paid, that no permanent administration has been granted, that the temporary administrator has made incorrect returns, and that he has converted all the assets to his own use, and still holds them for himself.

Equity. Practice in the Superior Courts. Demurrer. Administrators and executors. Temporary administrator. Before Judge KIDDOO. Clay Superior Court. March Term, 1875.

Reported in the opinion.

H. & I. L. FIELDER, for plaintiffs in error.

JOHN. T. CLARKE; R. E. KENNON, for defendants.

BLECKLEY, Judge.

The cause stood for trial on the bill and answer. All of the defendants had answered; none of them had demurred. When it was called for trial they moved to dismiss the bill on grounds which denied that the matters charged entitled the complainants to any decree whatever. The court granted the motion, and passed an order dismissing the bill.

1. It is said that the motion came too late; that the defendants, by not demurring at the first or appearance term, had admitted that a good cause of action was set forth, and that they, having fully answered, the cause was at issue upon the facts contained in the whole record, and was for trial by a jury under proper instructions from the court as to the law. It is also said that the objections to the bill, urged in support of the motion to dismiss, are, in substance, objections only to the character of the parties—the complainants suing as some of the heirs-at-law of an intestate, and one of the defendants being sued as temporary administrator upon the estate, and the others as the securities upon his bond given as such temporary administrator. The bill was based on this bond, and sought to enforce the obligation, which it, under the law, imposed on the temporary administrator and his securities. That obligation, according to the express condition of the bond, was to preserve the assets and deliver them to a permanent administrator. The theory of the complainants' case was, that on the facts alleged in the bill, the defendants were answerable upon this bond directly to the heirs-at-law, who, in calling for an account, could take the place of a permanent administrator, as the parties beneficially interested. The motion to dismiss denied the legal correctness of this theory, and went, therefore, not simply to the character of the parties, but

to the cause of action.   It denied that a contract to account to A was any cause of action in favor of B.   To hold this to be an objection simply to parties, would be to hold that when one man sues to collect a debt due, not to himself, but to another person, the suit is not defective in substance, and is to be defended, not by denying the alleged cause of action, as sufficient in law, but by pleading to the disability of the plaintiff.   In respect to the time of the motion, it is contended that this case is like that of *May vs. Goodwin,* 27 *Georgia Reports,* 352; but it is not.   The ground of the motion in that case was that there was an adequate remedy at law ; here, on the contrary, the movants assert that there is no remedy anywhere.   It is plain that if their point be good at all, it is even better at law than in equity; and if that be so, the two cases are distinguishable beyond all manner of question.   In deciding that case it was said by the court, expressly, that a motion to dismiss a bill for want of equity, proper, may be made at any time; and this is undoubtedly true of the time of trial, for if there is nothing in the bill, there can be nothing in the decree, and the whole proceeding would be naught. It would be worse than idle to go forward, deliberately, to pronounce a decree that would not stand against a bill of review.   The motion was not too late.

2.  Again, it is said that the case was strengthened by the answer, and that in dealing with the motion at so late a stage of the proceedings, the court should have looked to the whole record—to the answer in connection with the bill.   We think otherwise.   A motion to dismiss the bill, come when it may, is addressed to the bill alone.   It is a challenge to the complainants to decide the controversy on their own showing; and they are not entitled to claim a better case than they have put into their own pleadings, unless, indeed, they choose to amend, which, under our system, they have the privilege of doing to their satisfaction.   It was not error to look wholly within the bill, and not out of it into the answer.

3.  The remaining inquiry is whether the bill, on its face, was good or bad.   Was there a cause of action?   We think

not. The office of a temporary administrator is to collect, preserve, and deliver to a permanent administrator. His bond binds him to this, and perhaps his oath does too. When he enters upon his duties, administration, through regular channels, has commenced; and there is a broad public policy adverse to arresting administration at incomplete stages, or diverting it out of the due course. Regularity, order, is form, in part, but in great part it is substance; it makes up much of the difference between organized society and a state of anarchy. Red-tape is order carried to fastidious excess—system run out into trivial extremes; but while no department of practical life should be subjected to that infliction, there is scarcely anything in which a due degree of order can be neglected without grave dangers. Administration, in its very nature, involves some degree of routine, and it is better there should be rather too much formality than too little. Until permanent administration is granted there is no person fully authorized to pay debts or make distribution. The temporary administrator has no right to do it as a privilege, and is under no obligation to do it as a duty. Creditors are not notified to make their appearance, and are not bound to appear until there is a permanent administrator. In fact, prior to that time, the process ordained by the law is one of gathering together and holding, not of paying out or distributing. The present bill alleges that there are no debts unpaid, but this means, of course, that there are none within the knowledge of complainants. There may be creditors, and if so they have rights not yet barred. The bill also alleges that the temporary administrator has made false returns, and that he has converted all the assets to his own use, and still holds them. Perhaps if he alone were defendant to the bill, these allegations, with others which the bill contains, might be sufficient to bring him to an account with the heirs at once for waste. We leave that an open question. But the bill is against his securities, too, and is based, as to both him and them, on the bond—on the contract. Securities have a right to stand strictly upon the contract which they entered into, and courts, any

more than parties, cannot vary it. This contract is express that the accounting is to be to a permanent administrator. The bill fails to show any good reason why the complainants, or some of them, have not obtained permanent letters. Without that at least being shown, it would look like changing the contract and then enforcing it, to require an accounting on this bond with the complainants. It is much the safer ruling to affirm the judgment dismissing the bill, and we do so accordingly.

Judgment affirmed.