## FINDLEY *et al. vs.* McBURNETT *et al.*

Where it is apparent upon the face of a bill in equity that no decree can be rendered in favor of complainants, a motion to dismiss it for want of equity may be made at the trial term. When the objection is to the forum only, it must be by demurrer at the first term.

Equity. Practice in the Superior Court. Before Judge Underwood. Haralson Superior Court. March Term, 1878.

Report unnecessary.

WALTER BROCK; W. M. TIDWELL, by brief, for plaintiffs in error, cited Code, §3192; 27 *Ga.*, 233, 352; 58 *Ib.*, 457.

W. W. & T. W. MERRELL, by E. N. BROYLES, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendants alleging that they had been turned out of possession of certain described premises as tenants at sufferance, with a prayer that they might be restored back to the possession of the premises from which they had been wrongfully dispossessed, and for other relief. When the case came on for trial, the defendants made a motion to dismiss the complainants' bill for want of equity, and on the ground that the complainants had an adequate remedy at law, which motion the court sustained, and the complainants excepted.

When it is apparent on the face of the bill that no decree can be had in favor of the complainants on the allegations contained therein, a motion to dismiss it for want of equity may be made at the trial term of the cause. When the objection is to the forum only, then it must be made by demurrer at the first term of the court. In our judgment, the bill in this case was properly dismissed at the trial term of the cause for want of equity.

Let the judgment of the court below be affirmed.