## PALMER et al. v. INMAN et al.

In an equitable petition by a judgment creditor against a debtor and a lien creditor of this debtor, to subject encumbered property to the payment of a judgment held by the plaintiff, the debtor is a necessary party. Any relief prayed against the defendant creditor, who is a non-resident, incidental to the main purpose of the suit, i. e. the subjection of the property of the defendant debtor to the plaintiff's judgment, will not serve to make a separable controversy between the plaintiff and the non-resident creditor defendant. Such a proceeding is not removable from a State court to the circuit court of the United States on the ground of diverse citizenship.

Argued February 11, — Decided March 3, 1905.

Removal of cause. Before Judge Daley. Bulloch superior court. April 28, 1904.

W. K. Miller, F. T. Lockhart, and Groover & Johnston, for plaintiffs. Osborne & Lawrence, for defendants.

EVANS, J. This case comes here on exception to a judgment of removal of a cause from the superior court of Bulloch county to the circuit court of the United States for the southern district of Georgia. The case in the State court was an equitable petition instituted by Annie Palmer, Alice Palmer, and Cornelia P. Ackers, residents of the State of Georgia, against Willie Lee Inman, of New York, and James E. Hogan and W. S. Pretorius, residents of Georgia. The petition alleged, that on November 24, 1903, Carolyn P. Cumming, as administratrix of one Palmer, obtained a judgment in Bulloch superior court against James E. Hogan for $250, besides interest, attorney's fees, and costs; that a fi. fa. issued upon the judgment, upon which a return of nulla bona was duly made by the levying officer; that Carolyn P. Cumming, as administratrix, assigned the judgment to the plaintiffs, and that they are now the legal owners thereof. The petition further states, that on October 26, 1891, Carolyn P. Cumming obtained a judgment against James E. Hogan for $6,000, besides interest, attorney's fees, and costs, and at the same time a judgment was rendered against James E. Hogan in favor of Orlena Carter for $3,500, besides interest, attorney's fees, and costs; that the debts represented by these last two named judgments were secured by title to lands (specifically described) located in Bulloch county; that the plaintiffs in fi. fa. caused their executions to be levied on the land, after filing their deed thereto in the clerk's office, and pending the levy Hogan borrowed from Willie Lee Inman $11,000, and to secure this loan made her a security deed to the property. At the same time, Hogan also transferred to one Curry, her agent, one hundred and twenty-five shares of the capital stock of the Dover & Statesboro Railroad, of the value of $12,500. Notwithstanding said executions were paid out of the money thus borrowed, the fi. fas. were not marked settled on the dockets, but were transferred to Willie Lee Inman, and she has received the rents of the land for eleven years, aggregating $5,000, which amount, together with the dividends on the railroad stock, was more than sufficient to pay off and discharge all

indebtedness due her by Hogan; so that the title under said security deed has reverted in law to Hogan; and if Willie Lee Inman has any title at all in law to said land, it is simply as trustee of the legal title for the benefit of Hogan. The petition charged, that Hogan was consenting to the arrangement between them, the particulars of which were unknown to the plaintiffs, whereby he received part of the income and profits of the land and was thus enabled to hold off petitioners, his creditors, from the payment of their just debts; that the rents for the year 1903 were about due and would be collected by W. S. Pretorius, as agent of Willie Lee Inman, who was in the actual possession of the land and was about to collect the rents thereof; that Hogan was insolvent, and whatever interest he had in the land was, by the transactions above set out, kept from the reach of his creditors, with the title to the same standing on the record in the name of Willie Lee Inman, and he had no other property upon which plaintiffs could levy. Petitioners allege that the amount Willie Lee Inman claims is due her is unknown to them, but upon a full and fair accounting between her and Hogan it will be found that nothing whatever is due her, and that the land and the rents thereof are the property of Hogan, in equity and good conscience subject to the debts due petitioners and other creditors of Hogan, and the continuance of the transaction in its present shape is fraudulent and collusive as to them. It is further alleged that Hogan declines to redeem the property or to make any effort in that direction, and the rents about to become due are insufficient to pay petitioners. They pray for the appointment of a receiver to take charge of the rents for the year 1903; that Pretorious be enjoined from remitting the rents or any evidences thereof to the non-resident defendant, Willie Lee Inman; that she and Hogan be required to come to a just and true accounting with petitioners as to the amount due Willie Lee Inman under the transactions hereinbefore mentioned; that the amount of his indebtedness to her, if any, be ascertained; and that the executions against Hogan in favor of Cumming and Carter, now held by Willie Lee Inman, and the deed from Hogan to her be cancelled and the title vested in Hogan; and that the property be declared subject to the indebtedness due petitioners and sold to satisfy their fi. fa. To this petition Willie Lee

Inman filed an answer in which she denied the principal averments of the petition. Subsequently she presented a petition to the superior court of Bulloch county, asking for a removal of the case to the circuit court of the United States for the southern district of Georgia. In this petition for removal it was represented that the amount involved in the litigation exceeded $2,000; that both Hogan and Pretorius were merely nominal parties defendant, having no real concern in the controversy; that if Hogan had any interest at all therein, it was identical with the plaintiffs'; that the controversy between the plaintiffs and Willie Lee Inman was separable from that between them and the other defendants, and could be fully determined without the presence of either of her codefendants.

It is clear that as Pretorius was but the agent of the non-resident defendant, he was only a nominal party. The amount involved is in excess of $2,000; so the question really presented for determination is: Does the plaintiffs' petition present a separable controversy between them and the non-resident defendant, so as to entitle her to a removal of the cause to the United States court under the various acts of Congress? The case made by the petition is a proceeding by judgment creditors against a debtor and a lien creditor of this debtor, to subject encumbered property to the payment of a judgment held by the plaintiffs. The purpose of the petition is to force an accounting between Hogan and the New York defendant, so as to ascertain what amount, if any, he is due to this non-resident, and to cancel certain fi. fas. which are of superior date to plaintiffs' judgment, as well as a security deed, held by this lien creditor. If the deed from Hogan to Miss Inman is used as a cloak to shield his property from a levy of plaintiffs' execution against him, equity will assist them; but all the parties to the fraud must be parties to the proceeding for the equitable enforcement of plaintiffs' judgment against the judgment debtor and the particular property sought to be reached. Thus it has been held that the defendant in fi. fa. is a necessary party to a proceeding by a general judgment creditor praying for an injunction and the appointment of a receiver on the ground that a claim has been interposed under a pauper affidavit for the purpose of delay, and that, by depreciation in the value of the property, there is danger of losing the

debt. *Crawford* v. *Spurling*, 56 *Ga.* 611. In the case sought to be removed, the record title is in Miss Inman; the petition alleges that the deed made to her, though absolute on its face, is only a security for a debt. Before a judgment creditor of Hogan can attack this deed and have it set aside, both parties to the deed must be before the court. Besides, plaintiffs allege that certain fi. fas. superior in date to their judgment and which were transferred to Miss Inman had been paid, and a cancellation of these fi. fas. on the records is prayed. By virtue of the transfer of these fi. fas., she could prosecute them against Hogan; and before they could be canceled on the ground of payment, the debtor would have to be brought before the court. We thus conclude that Hogan is not only a proper party, but that he is a necessary party defendant in the original case.

Nor does the petition present any separable controversy between the plaintiffs and Miss Inman or between the plaintiffs and her codefendant, Hogan. The suit as brought by the plaintiffs is a creditors' bill to subject encumbered property to the payment of their judgment by a sale and distribution of the proceeds between Miss Inman and themselves, according to their respective priorities. The petition sets forth but a single cause of action. This is the equitable enforcement of a judgment against property of the judgment debtor, and the cause of action is not divisible Miss Inman and Hogan may have separate defenses to the action, but separate defenses do not create separable controversies within the meaning of the removal act. The relief sought against Miss Inman is necessarily incident to the main purpose of the suit, which is to subject the property of Hogan to plaintiffs' judgment. The prayer for special relief as against her will not, however, serve to separate this part of the controversy from the rest of the action. Fidelity Ins. Co. *v.* Huntington, 117 U. S. 280; Rosenthal *v.* Coates, 148 U. S. 143; Graves *v.* Corbin, 132 U. S. 571. Unless the petition in the State court shows upon its face a separable controversy, or that the parties plaintiff are citizens of one State and the necessary parties defendant are citizens of another State, there is presented no cause of removal, under the acts of Congress, on the ground of diverse citizenship. Having reached the conclusion that the defendant Hogan was a necessary party defendant with the non-resident, and that there is no separable controversy

between the plaintiffs and the non-resident defendant, we hold that the case is not one for removal; and accordingly the judgment of the superior court removing the case to the United States court is reversed.    *Judgment reversed.   All the Justices concur.*