## PAULK *v.* ENSIGN–OSKAMP COMPANY *et al.*

123　467
124　640

123　467
128　284

1. In an equitable proceeding against a resident defendant and a foreign corporation, to cancel a conveyance of timber made by the former to the latter, wherein the title to the timber was warranted, and also to cancel an extension of a timber lease originally executed to the resident defendant by a third person, which extension was made subsequently to the conveyance of the same timber by the resident defendant to the foreign corporation, the resident defendant was a necessary party.
2. A suit in a State court is not removable to the United States court on motion of a non-resident defendant, on the ground of diverse citizenship, when it appears that the codefendant of the non-resident is an indispensable party against whom substantial relief is prayed.

Argued May 25, — Decided June 17, 1905.

Removal to U. S. court. Before Judge Roberts. Irwin superior court. November 2, 1904.

T. M. Paulk brought an action against the Ensign-Oskamp Company, a non-resident corporation, and H. H. Tift, praying for an injunction to restrain the defendants from cutting and removing the timber upon a certain described tract of land, and for the cancellation of a certain lease from William Paulk to H. H. Tift

and a lease from Tift to the Ensign-Oskamp Company, together with an extension of the original lease from William Paulk to H. H. Tift.   The petitioner alleged that he was the true owner of all the timber suitable for sawmill purposes upon the described land; that on March 19, 1900, William Paulk conveyed the said lot of land to petitioner, who recorded his deed on March 14, 1901; that, previously to the execution and delivery of the afore-mentioned deed, William Paulk, on August 14, 1897, sold and by lease conveyed to  H. H. Tift the sawmill timber upon the described lot of land; that said conveyance provided that Tift and his assigns should have the free use and enjoyment of the timber for the purposes therein stated, for the full term of six years from the 14th day of August, 1897; that thereafter, on October 28, 1898, Tift signed, sealed, and delivered his conveyance of the timber, together with other timber, to the Ensign-Oskamp Company, in which conveyance Tift warranted to the Ensign-Oskamp Company the timber purchased from William Paulk for the term of six years from the date of the boxing of the timber for turpentine purposes; that in 1899, the Ensign-Oskamp Company procured from William Paulk an instrument in writing pur-porting to be an extension of the time of the original deed to H. H. Tift, so that the lease would expire six years after the boxing of the timber for turpentine purposes, which extension was without consideration, nor was there any consideration recited therein; that the extension of said lease was a fraud, because it was without consideration and too indefinite and uncertain to be enforced; that the Ensign-Oskamp Company was threatening to enter upon said land under their pretended claim of right and to cut and remove the timber therefrom; and that the extension of the lease and conveyance from Tift to the Ensign-Oskamp Company is a cloud upon petitioner's title.   At the appearance term the Ensign-Oskamp Company presented their petition for removal of said cause to the circuit court of the United States for the southern district of Georgia, alleging that the amount involved was more than $2,000; that it was a corporation of the State of West Virginia, and that its codefendant was neither a necessary nor indispensable party to said suit; that no substantial relief was prayed against its codefendant, and that the whole controversy could be disposed of by a decree between the plaintiff and the non-

resident corporation. The court passed an order directing a removal of the cause to the United States court as prayed, and the plaintiff excepts to this judgment.

*Quincey & McDonald* and *McDonald & Quincey*, for plaintiff.

*Ellis, Wimbish & Ellis* and *Fulwood & Boatwright*, for defendants.

EVANS, J. (After stating the facts.) Only one question is presented by this record, and that is, whether, under the allegations of the petition of T. M. Paulk against H. H. Tift and the Ensign–Oskamp Company, the resident defendant, Tift, is a necessary party. The prayer of the petition is for a cancellation of the extension of the lease from William Paulk to H. H. Tift, and so much of the conveyance of Tift to the Ensign–Oskamp Company as purported to convey the sawmill timber upon the land described for a period of six years from the boxing of the timber for turpentine purposes. It will be observed, from the allegations in the petition, that Tift warranted to the Ensign–Oskamp Company the timber included in the conveyance. For the reasons alleged in his petition the plaintiff prays a cancellation of these two conveyances. Tift was liable upon his warranty to the lumber company, and his conveyance can not be cancelled and declared void in a suit against the lumber company without making him a party. In the cancellation of a deed the grantor is a necessary party. *Palmer* v. *Inman*, 122 *Ga.* 226. Besides, the allegation is that the extension of the lease alleged to be void for lack of consideration is a lease, not to the lumber company, but to Tift. It is true that the petition alleges that the lumber company procured this extension of the lease after the conveyance of the timber by Tift to it; but while the benefit flowing from the extension of the lease may be to the lumber company, still the person to whom the extension is made is not the lumber company, but the resident defendant. Tift, therefore, was interested not only in the cancellation of the extension of the lease, but also in the vacation of his deed in which he had warranted the title of the timber to the lumber company, and he was, accordingly, a necessary and indispensable party; and the court erred in removing the cause on the ground of diverse citizenship.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*