## HAMILTON *et al. v.* CARGILE.

1. It appearing that an adjudication of the issues sought to be raised by a proposed amendment affected parties at interest who were not named as parties to the cause, the court did not err in disallowing the amendment.

2. The objections urged by the plaintiffs to the admission in evidence of the will of John Neal and the deed from his executors to Key, the same being a link in the defendant's chain of title, were without merit. "No person but those interested in an estate as heirs or creditors, have a right to complain of any informality in a sale of the lands of the estate so as to set aside the sale." *Ardis* v. *Smith*, 52 *Ga.* 102; *White* v. *Moss*, 67 *Ga.* 89; *Tyson* v. *Bray*, 117 *Ga.* 689.

3. The following instrument from Key to the defendant was a deed, the same being attested as a deed and having been delivered, and the defendant being in possession of the land; and the court did not err in admitting it in evidence as a part of defendant's chain of title: "Georgia,

Jasper County. Know all men by these presents, that I have this day given, donated, granted, and conveyed unto Ellen Cargile [the defendant] for and during her natural life, and at her death to a little girl nine years old by the name of Mamie K. Brooks, in fee simple a certain house and lot [describing the premises in dispute], together with all and singular the rights, members, and appurtenances thereto belonging or in anywise appertaining. But I hereby reserve to myself the right to sell, dispose of, and convey said house and lot if I choose to do so. In witness whereof I have hereunto set my hand and seal this 16th day of April 1891." *Daniel* v. *Veal*, 32 *Ga.* 589; *White* v. *Hopkins*, 80 *Ga.* 154.

4. Defendant having shown a prior recorded deed conveying title out of plaintiffs' grantor, and having connected her own possession with such outstanding title, it was immaterial whether or not it was given for the purpose of securing a debt; and the court did not err in directing a verdict for the defendant. *Ashley* v. *Cook*, 109 *Ga.* 653.

5. If plaintiffs have any equities in the lands in controversy, the same can be hereafter determined in a proper proceeding, upon sufficient pleadings.

Argued May 28, 1906.—Decided March 1, 1907.

Complaint for land. Before Judge Pendleton. Fulton superior court. November 13, 1905.

Sarah Hamilton and others brought suit against Ellen Cargile to recover certain land in the city of Atlanta. The record discloses the following facts: On March 5, 1870, Clark and Langston conveyed the land in dispute to Zebidee Cargile. Subsequently in the same year Cargile executed a deed to John Neal, conveying the same property. Neal died in 1886, leaving a will which provided that his executors should have full power to sell all his real estate, and to exercise their own judgment as to the manner and terms of the sale. No bond and no returns were required of them, by the will. T. B. Neal, E. H. Thornton, and John Keely qualified as executors. In 1887 "T. B. Neal, E. H. Thornton, and John Keely, executors est. John Neal," executed a deed purporting to convey to John C. Key such title as John Neal received from Zebidee Cargile to said land. The deed was signed, "T. B. Neal, Exer., John Keely, Exer., E. H. Thornton, Ex." On April 16, 1891, John C. Key executed an instrument in the terms set out in the third headnote. It was attested as a deed, and on June 5, 1902, was recorded in Fulton county. In 1885 Zebidee Cargile was married to the defendant, and together they lived on said land continuously till 1897, when he separated from her and removed from the premises, she continuing to live thereon. They were not divorced. On April 4, 1902, by a deed recorded April

5, 1902, he conveyed the land to the plaintiffs, for a consideration of $1,500. He died in the summer of 1902.

The court having admitted testimony showing the foregoing facts, the plaintiffs offered to amend their petition as follows: "On the 30th day of March 1870, Zebidee Cargile deeded the land in controversy to John Neal as security for a loan of $150; that John Neal's executors transferred said debt and the title to secure the same to John C. Key; that John C. Key is dead, and defendant claims to hold said debt and the security therefor under a conveyance by said John C. Key. The plaintiffs pray that these matters be inquired of by the court, and that it be adjudged whether or not defendant is the holder and owner of the aforesaid debt and the security therefor, and the amount due thereon; and plaintiffs stand ready and here offer to pay the amount that may be adjudged to be due and owing on account of said debt and security." The court refused to allow the amendment, and rejected evidence offered in support of it. The court, on motion of the defendant, directed a verdict in her favor.

Error is assigned by the plaintiffs as follows: (1) The court erred in admitting the will of John Neal, over the objection of the plaintiffs that it was irrelevant under the pleadings. This was error because the will did not mention the property in dispute, and the evidence showed that Neal was never in possession of the property. (2) The court erred in admitting in evidence, over plaintiff's objection, the deed from Zebidee Cargile to Neal, the objection being that it was not shown that the defendant claimed under it. (3) The court erred in admitting in evidence the deed signed by "T. B. Neal, Exer.," and others, conveying said land to Key, over the following objections urged by plaintiffs: (*a*) It did not appear that any order of the court had been obtained authorizing the sale of the property therein described. (*b*) It did not appear that said property had been advertised for sale as required by law. (*c*) It appeared on the face of the deed that the sale did not take place between the legal hours of sale on the first Tuesday in the month. (*d*) It was not recited in said deed that the grantors were acting in their representative capacity. (*e*) It did not appear that the executors of Neal were in possession of the property. (*f*) It was irrelevant under the pleadings. (*g*) It did not recite that it was executed in pursuance of authority

granted in the will of John Neal. (4) That the court erred in admitting the instrument signed by John C. Key on April 16, 1891, over the following objections of plaintiffs: (*a*) The instrument was testamentary in character, and had never been proved as a will. (*b*) It did not purport a consideration, either good or valuable. (*c*) It did not purport to have been delivered, and there was no proof of delivery. (*d*) All of it was in one paragraph, which contained inconsistent clauses. (*e*) It was irrelevant and immaterial under the pleadings. (*f*) It was a voluntary conveyance, and, having been recorded after the record of a deed to the plaintiffs founded upon a valuable consideration, could not be used to defeat plaintiffs' recovery, unless it could be shown that they took their conveyance with notice of the existence of said voluntary conveyance. (5) The court erred in disallowing plaintiff's amendment, as stated above. (6) The court erred in rejecting the following testimony of E. H. Thornton, offered by the plaintiffs: "I am one of the executors of John Neal. Neither John Neal nor his executors were ever in possession of the land in dispute. The deed from Zebidee Cargile to Neal was a deed to secure a debt, the amount of which is mentioned in the deed." (7) The court erred in directing a verdict for the defendant.

*Felder & Rountree, J. E. & L. F. McClelland,* and *J. D. Kilpatrick,* for plaintiffs.　*T. J. Ripley,* for defendant.

BECK, J. (After stating the facts.)

1. The amendment to the petition, tendered by the plaintiffs, and which is set out in the statement of facts, was properly disallowed by the court. Even if it be treated as sufficiently setting forth a case which made an accounting proper, and if it be a valid tender, the result of the amendment, if it had been allowed and proved and full effect given to it, would have been to require of the court the rendition of a decree adjudging a deed, absolute on its face, to be merely a deed to secure a debt; but the person who had purchased the property included in the alleged security deed had treated the same as an absolute deed of conveyance, and had himself executed a deed conveying a life-interest in the property to the defendant, and a remainder interest to a minor child of the latter, and this child was directly interested in the issue as to whether or not the deed was of the character which the plaintiffs sought to have impressed upon it, and was a

necessary party to any action instituted with the purpose of accomplishing the end towards which the amendment tends.

While there is no prayer for a reformation of the deed from Cargile to Neal, the consequences of having the instrument adjudged to be a mere deed to secure the payment of a debt would be the same in effect as a reformation of the same. Such a change in the character of the deed, as it appears on its face to be, is one which would vitally affect property rights of the defendant's child in whom is vested a remainder interest, as it does the defendant herself. As was said by the court in the case of *Wyche* v. *Green,* 32 *Ga.* 341, "The rule is, that all persons having a legal or equitable interest in the subject-matter of the suit must be made parties. . . It is manifest that the parties now sought to be brought in are directly and materially interested in the subject-matter of the suit. No court of equity should undertake to reform a written instrument conveying title to property, in an essential matter, without having before it all the parties to be affected by the proposed reformation." See also *Brown* v. *Brown,* 97 *Ga.* 531.

2-5. What is said above, in connection with the headnotes, disposes of all material issues in the case.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*