### KEHOE *v.* ROURKE.

ATKINSON, J.   1. Where the municipality had title in fee to its streets, as indicated by the ruling in *Savannah R. Co.* v. *Shields,* 33 *Ga.* 614, and statutes therein cited, and the Mayor and Aldermen of the City of Savannah, by an appropriate deed executed January 12, 1898, conveyed a certain portion of one of its streets covered by a public dock in exchange for other land to be used as a street, even if the municipality did not then have charter power to execute such deed, the want of original authority was saved by the confirmatory act of August 12, 1905 (Acts 1905, p. 595), and the grantee by virtue of the conveyance acquired title to the demised premises. *Marietta Chair Co.* v. *Henderson,* 121 *Ga.* 406 (49 S. E. 312, 104 Am. St. R. 156).

2. The fact that the act of 1905 did not provide for the assessing of damages did not render it unconstitutional, there being a general law making provision as to the mode of assessing damages to adjacent property, if the owner be entitled thereto.

3. Where, after the execution of such a deed as described in the first headnote, the grantee therein named enclosed the part of the street so conveyed to him, and constructed a permanent marine railway thereon, without objection from the owner of an abutting lot, or any attempt to prevent it, a subsequent purchaser of the land, after the permanent obstruction and abandonment was complete, would not have a right, after the passage of the act of 1905, to an injunction against such obstruction. Nor would the fact that the structure projected over the line of the lot and occupied a portion thereof furnish ground for injunction against the maintenance of such obstruction. Under the facts stated, if the purchaser has any remedy, it is not by injunction; and a proceeding which sought only such remedy was demurrable. *Marietta Chair Co.* v. *Henderson,* supra.

4. The City of Savannah is a necessary party to an application to cancel such a deed as is referred to in the first headnote. *Savannah Ry. Co.* v. *Atkinson,* 94 *Ga.* 780 (21 S. E. 1010); *Mayor of Macon* v. *Harris,* 73 *Ga.* 428; *Hope* v. *Gainesville,* 72 *Ga.* 426; *Palmer* v. *Inman,* 122 *Ga.* 229 (50 S. E. 86).

5. For an unauthorized interference with the employees of a lessee of real property, while engaged in the service of their employer, the landlord has no right to an injunction. *Coney & Parker* v. *Brunswick Steamboat Co.,* 116 *Ga.* 222 (42 S. E. 498).

*Judgment affirmed.    All the Justices concur.*

Argued January 7,—Decided August 13, 1908.

Equitable petition. Before Judge Cann. Chatham superior court. April 1, 1907.

*O'Connor, O'Byrne & Hartridge,* for plaintiff.

*Osborne & Lawrence, Adams & Adams,* and *John R. Rourke,* for defendant.