KEHR *et al.,* by next friend, *v.* FLOYD & COMPANY.

1. In a suit by remaindermen, to forfeit the estate of the life-tenant for waste, the life-tenant is a necessary party.
2. The estate of a life-tenant is not impeachable by a destructive trespass of a stranger, which the life-tenant neither licenses nor negligently suffers to be done. Accordingly, a petition praying the forfeiture of the estate of the life-tenant is demurrable, wherein the plaintiffs allege themselves to be remaindermen under a certain deed, and that the defendants have boxed for turpentine, and felled and removed the trees on the tract of land conveyed to them by the deed under which they claim, without making the life-tenant a party, and without alleging that such acts were committed by the defendants by the permission of the life-tenant, or that they were consequent upon his failure to exercise the ordinary care of a prudent man for the preservation of the estate in remainder.
3. A court of equity is without jurisdiction to decree the cancellation of the record of a deed, where neither the grantor nor the grantee is a party to the case, or otherwise represented.

Argued January 16,—Decided May 13, 1909.

Equitable petition. Before Judge Seabrook. Effingham superior court. April 13, 1908.

*J. Hartridge Smith* and *R. W. Sheppard,* for plaintiffs.

*Travis & Travis* and *William L. Gignilliat,* for defendants.

EVANS, P. J. The exception is to the dismissal of the petition on demurrer. Eliminating immaterial verbiage, and stating the essential averments as alleged, the petition was as follows: The petition of Eden Georgia Kehr and Robert Edwin Kehr, by their next friend, shows the following cause of action against J. B. Floyd and T. B. Floyd, doing business in the firm name of J. B. Floyd & Company, in Effingham county, Georgia. The plaintiffs are non-resident minors, and the only living heirs of Herman E. Kehr and Ella Kehr. On May 20, 1891, Herman E. Kehr made

and executed his certain deed of conveyance, whereby he conveyed a certain tract of land, located in the 10th district, G. M., of Effingham county, known as the "Eden plantation," and containing 2,483 acres, more or less, "to his wife Ella Kehr, her lifetime, with remainder to his children born and unborn, the common offspring born to him by his said wife Ella Kehr, contingent nevertheless that should his said wife Ella Kehr depart this life before the said Herman E. Kehr, then in that event the lands were to revert to the said Herman E. Kehr in fee; but if the said Herman E. Kehr should die before his said wife Ella Kehr, then his said wife Ella Kehr should have a life-estate in said lands and the same was to be held by her for life, with remainder in fee to their said children, and the children of their issue as tenants in common." On September 14, 1891, Ella Kehr and Herman E. Kehr conveyed, by their deed of that date, their reversionary, contingent, and life-estates in the lands hereinbefore described, to F. B. and S. S. Keller. The records in the ordinary's office of Effingham county show that on January 4, 1892, Ella Kehr was appointed guardian for "Eden G. Kehr, minor and orphan child of Ella and H. E. Kehr." The guardian book of file in the ordinary's office of that county, marked "1856," shows that on January 4, 1892, Ella Kehr gave bond as guardian for Eden G. Kehr in the sum of $100, and that this bond was signed by J. G. & D. H. Clark, as attorneys for Ella Kehr, and by Morgan as surety. It nowhere appears from the records of that office that Ella Kehr ever took the oath or qualified as guardian of the person and property of Eden G. Kehr. The minutes of that court show that on March 7, 1892, Allen N. Keiffer, ordinary of Effingham county, granted an order authorizing Ella Kehr, as guardian for Eden G. Kehr, to sell the remainder interest of Eden G. Kehr in the "Eden Plantation," above described. The records of deeds and mortgages of the county, in the office of the clerk of the superior court, show that on July 7, 1892, Mrs. Ella Kehr conveyed to F. B. Keller and S. S. Keller, in consideration of five dollars, all the remainder interest of Eden G. Kehr in the 2483 acres of land known as the "Eden Plantation." Petitioner avers that this sale of the remainder interest of Eden G. Kehr in these lands was illegal and void, for the following reasons: (a) Because the bond given by Ella Kehr as guardian for Eden G. Kehr was not signed

by her, but shows on its face that it was signed by her attorneys. (b) Because it appears from the records in the ordinary's office of Effingham county that Ella Kehr never took the oath or qualified as guardian of Eden G. Kehr. (c) Because the order granted by Allen N. Keiffer, ordinary, does not show for what purpose the remainder interest of the minor was to be sold, or that Eden G. Kehr or her nearest friend was ever served with notice of said application. (d) Because the records do not show that the sale of this remainder interest was approved and confirmed by the court. (e) Because the ordinary was without jurisdiction to grant an order authorizing the sale of this remainder interest of Eden G. Kehr in these lands, the acts of 1889 (Civil Code, §§2545, 2546) vesting exclusive jurisdiction and authority in judges of the superior courts to authorize the sale of the estates of infants. Herman E. Kehr died on June 25, 1904. Petitioner avers, that Floyd & Company have possession of the lands, but are only entitled to the use, custody, possession, and control of the same as life-tenants; that as life-tenants they are only entitled to the reasonable use of the soil and premises, exercised in such a manner as to work no harm or injury to the remainder interest of Eden G. Kehr and Robert Edwin Kehr; that defendants have no right to box the trees for turpentine, or to cut and remove the timber, but have wantonly and wilfully boxed the greater portion of the trees, to the plaintiff's damage of $6,000, and have cut and removed sawmill timber of the value of $1,000, and are preparing and threatening to cut and box the balance of the sawmill timber on the land; that Floyd & Company, as life-tenants in and to such premises and lands as described, have, by reason of the several acts hereinbefore related, committed voluntary waste in and upon the premises and lands, and are guilty thereof, and have forfeited all their rights as life-tenants to a life-estate in these lands. Waiving discovery, the plaintiffs pray: for process, for an injunction to restrain the defendants from cutting and boxing the trees on the land; that upon the final hearing a decree be granted to strike from the records of Effingham county, of deeds and mortgages, the deed made by Mrs. Ella G. Kehr to F. B. Keller and S. S. Keller, under date of July 7, 1892, wherein she as guardian for Eden G. Kehr conveyed, for a consideration of five dollars, the remainder interest of Eden G. Kehr in the aforesaid

premises; that petitioners recover a judgment for seven thousand dollars as compensation for the injury and damage committed to the remainder interest and estate of the remaindermen, by reason of the several acts of waste complained of as committed by the defendants; that petitioners recover the lands and premises in question, as forfeited to them by reason of the several acts of waste complained of, and as committed by the life-tenants Floyd & Company. The defendants demurred to the petition, on the grounds, that their residence was not alleged; that the petition sets forth no cause of action; and that it misjoins a proceeding to stay waste by an alleged tenant for life, brought by a remainderman, with an action for damages.

The petition was rightly dismissed. Pretermitting a discussion or decision of the effect of a failure to allege the residence of the defendants, there were other potent reasons invoked by the demurrer why the petition should have been dismissed. The plaintiffs neither alleged title in themselves, nor title or possession in their grantor, or that the defendants claimed title under a common propositus with them. However, it is made clearly to appear that they have no immediate right to the possession of the land, unless the precedent life-estate of Mrs. Kehr or her grantees is forfeited for waste. Neither Mrs. Kehr nor her grantees are made parties; and it would be subversive of every fundamental principle of law to cancel and nullify their title, and forfeit their life-estate, without giving the original life-tenant or her grantees an opportunity to be heard in defense. Nor is there any allegation that Floyd & Company claim either as direct or remote grantees of Mrs. Kehr, or claim authority from her or her grantees to cut the timber, or that Floyd & Company's acts are consequent upon the failure, either of herself or her grantees, to exercise prudence in the preservation of the estate in remainder. See Civil Code, § 3090. Again, the plaintiffs certainly would not be entitled to have expunged from the records the deed of Mrs. Kehr to F. B. & S. S. Keller, without first making them parties to the proceeding to obtain this relief. Other reasons are advanced in support of the judgment of the court on demurrer, but we will forbear discussion of them, as those which we have stated are sufficient to uphold the dismissal of the petition.　　　*Judgment affirmed. All the Justices concur.*