### BIGGS v. SILVEY *et al.*

A husband made a voluntary deed to his wife. Subsequently the wife and husband jointly conveyed by deed the same land to certain persons, who were children and descendants of children of the husband by a former marriage, reserving a life-estate to the grantors. This deed recited a valuable consideration, and contained a covenant of warranty of title. The husband died, and the wife brought an action against the grantees to cancel the deed as being obtained by the fraud and coercion of her husband. She alleged that her husband's estate was without representation. Pending the suit and before the appearance term an administrator was appointed on the estate of the husband, and the defendants pleaded his non-joinder in abatement of the suit: *Held*, that the representative of the deceased husband was a necessary party, and, upon refusal of the plaintiff to make him a party, the suit will be abated.

> OCTOBER 15, 1913.

Equitable petition. Before Judge Walker. Wilkes superior court. August 27, 1912.

*Samuel L. Olive* and *W. D. Tutt*, for plaintiff.

*Samuel H. Sibley*, for defendants.

EVANS, P. J. The plaintiff in her petition alleged, that she intermarried with Terry P. Sherrer on March 11, 1877; that on

June 15th, 1892, her husband conveyed to her a certain tract of land containing 172 acres; that thereafter her husband became dissatisfied with the making of the deed, and on the 14th of March, 1908, influenced and persuaded her to execute a deed to W. H. Silvey, Sarah K. Silvey, John W. Sherrer, William Frances Sherrer, James W. Sherrer, Mary Susan Sherrer, and Rebecca Jane Echols, children and descendants of her husband by a former marriage, upon an alleged consideration of love and affection to her husband and to the grantees as relatives by blood of her husband and affinity to her, and also in consideration that one of the grantees had been most attentive in serving and waiting upon her husband and herself for a number of years, and in further consideration of $10, conveying 50 acres of the land, described by metes and bounds, to W. H. Silvey, and the remainder to the other named grantees, reserving a life-estate to petitioner as long as she lives upon the property. Her husband joined with her in warranty of the title, and the deed was signed by both. Subsequently, on June 18, 1908, petitioner was further influenced and persuaded and coerced by her husband to sign a deed to W. H. Silvey to 50 acres of the land conveyed to her by her husband. This deed recited that it was made by the husband and the petitioner of the first part and Hillary W. Silvey of the second part, and that for and in consideration of the sum of $10 the party of the first part conveyed 50 acres of described land to the grantee in fee simple, with a reservation that "both the parties of the first part hold the within 50 acres until after their death; then it goes to Hillary W. Silvey and his heirs." This deed contained a warranty of title, and was signed by petitioner and her husband. Petitioner and her husband continued to live upon the land until his death in May, 1909. After the death of her husband, Terry P. Sherrer, she married again, and has continued to live upon the land. She alleged that there was no administration upon her first husband's estate, and the grantees in the deeds from herself and husband were made parties defendant. She prayed for the cancellation of her deeds to the defendants. The defendants filed a plea in abatement, on the ground that W. F. Sherrer, the duly constituted administrator of the estate of Terry P. Sherrer, was a necessary party defendant, praying that the suit abate because of his non-joinder. The issue made by the plea was submitted to the court, without the intervention of a jury;

and upon the hearing it appeared that letters of administration had been granted on the estate of Terry P. Sherrer to W. F. Sherrer, pending the suit, but prior to the appearance term. The court entered judgment sustaining the plea in abatement and dismissing the petition; "provided, that if the plaintiff shall within ten days file an amendment praying that" the representative of Terry P. Sherrer "be made a party defendant in said case, the plea shall stand overruled." Exception is taken to this judgment.

The single question presented by this record is whether the personal representative of Terry P. Sherrer is a necessary and indispensable party to the cancellation of the deeds jointly executed by petitioner and her husband, Terry P. Sherrer, to the defendants. The general rule is that a grantor is a necessary party to a proceeding to cancel his deed. *Kehoe* v. *Rourke,* 131 *Ga.* 269 (62 S. E. 185). It rests upon the fundamental doctrine that the law hears before it decides, and that before the rights of a party can be passed upon he must have his day in court. The plaintiff seeks to cancel the joint deed of herself and a deceased husband, and the latter's representative must be made a party, unless the special facts of the case prove an exception to the general rule. As reason for such an exception it is insisted that Terry P. Sherrer was not interested in the title, and that his joinder in the deed was a purely superfluous act. We do not think so. So far as the deed is concerned, it purports to be the joint act of herself and husband, and she will not be heard to deny that it is their joint act unless her comaker or his representative is given an opportunity to contest this issue. Besides, her husband warranted the title, and each of the deeds recites a valuable consideration, and his estate is directly interested in upholding them.

Much reliance is placed by the plaintiff on the case of *Ellesworth* v. *McCoy,* 95 *Ga.* 44 (2), 49 (22 S. E. 39), as sustaining the opposite view. An analysis of that case will show that nothing therein ruled contravenes our holding in this case. In that case a bill in equity was filed by the maker of a deed against two of the children of a deceased grantee; it was alleged that the deed had been procured by fraud and undue influence, and that these two children were in possession of and claiming the property conveyed; and the prayer was for an injunction against their conveyance of the property or otherwise interfering with it, for a cancellation of the deed,

and for a recovery of the property. It was held that the plaintiff could proceed against these two defendants, without making a party defendant a third child of the deceased grantee, alleged to have been in life three years before the bill was filed, but conceded, if still alive, to be a non-resident of the State. The ruling was put on two grounds: (1) that a conveyance to a deceased grantee, who leaves three heirs at law, may be set aside at the instance of the maker, as far as it affects two of them, without disturbing the rights of the third; and (2) that non-residence and doubt as to the existence of the other child were sufficient to excuse the failure to make the third child a party. In that case the maker only prayed to cancel the deed in so far as it affected the two defendants. If she had a right to cancel the whole, she could waive that right in so far as it affected one of the claimants under the deed. But that is not this case. Here one joint maker is attempting to cancel the deed of her comaker; and before she can do this, she must make the representative of such comaker a party to her action.　　　*Judgment affirmed. All the Justices concur.*