FORDHAM *et al. v.* DUGGAN.

1. Where upon application by an administrator an order was granted by the court of ordinary authorizing the sale of the reversionary interest in certain lands in which dower had been assigned, the application representing that such sale was necessary to pay debts of the decedent, and sale was made in conformity with the order, the order will not be set aside, so as to render void the sale, in a suit brought by the heirs of the decedent, when no unusual steps were taken in the court of ordinary in the proceeding to procure the order of sale, and nothing was done by the administrator to prevent their urging, as grounds of caveat, the objection that the sale of the realty was not necessary for the payment of debts.

2. Where a judgment of a court of ordinary authorizing the sale of lands at administrator's sale is attacked for fraud, and it is sought to have canceled the deed made by the administrator to the purchaser at that sale, and also the deed made two or three years later by the purchaser, conveying to the said administrator the property sold at the administrator's sale, the purchaser at that sale (the grantee in the adminis-

:  trator's deed and grantor of the administrator) is a necessary party
   to the petition for the cancellation of the deeds and the setting aside
   of the order granting leave to sell.
3. In view of the rulings made in the two foregoing headnotes, the other
   rulings of the court below on the admissibility of evidence were not
   error.

### No. 285.  FEBRUARY 12, 1918.

Ejectment.   Before   Judge   Kent.   Laurens   superior   court.
March 31, 1917.

Mrs. J. D. Fordham and others brought ejectment against Mrs.
Mary Duggan.   The plaintiffs based their case upon the conten-
tion that they were the heirs of John Perry Jr.   Upon the death-
of John Perry, J. J. Bowen was appointed administrator of his
estate, and sold the reversionary interest in the land in contro-
versy, on December 8, 1879, at administrator's sale to Joel T.
Coney for $1220.   On May 30, 1882, Coney sold the same land
back to J. J. Bowen for $1660.   The present suit was filed on
April 6, 1915.   Cynthia, the wife of John Perry, and dowress in
the land, died in 1908, dower having been assigned to her in the
lands under proceedings regularly instituted in 1879.   Bowen,
administrator of John Perry, obtained an order from the court of
ordinary upon petition reciting that the sale was necessary for the
payment of debts and for division.   Upon the trial the plaintiffs
offered an amendment alleging, that the order granting leave to
Bowen, administrator, to sell the dower estate of Mrs. Cynthia
Perry was procured by fraud, which consisted of a scheme to ob-
tain title to all the lands belonging to John Perry's estate; that
J. T. Coney, a relative, entered into the scheme to assist him in
carrying it out; that at the time of making application for leave
to sell it was not necessary to sell any of the land in order to pay
debts, nor was it necessary to sell it in order to divide the estate
among the heirs; that the land was in fact sold to Bowen him-
self; that, in pursuance of the fraudulent scheme it was cried off
to J. J. Bowen by the auctioneer for the sum of $1200, but in
order to effectuate the scheme the land was deeded by the adminis-
trator to Coney, in 1879, and subsequently deeded back in 1882
to Bowen, who remained .in possession of the land; and that a
certain deed from Cynthia Perry to ten acres of land, dated June
12, 1880, ought also to be delivered up and canceled, because it
was obtained by fraud.   The court refused to allow the amend-

ment, and directed a verdict for the defendants. The plaintiffs excepted.

*S. P. New* and *George B. Davis,* for plaintiffs.

*J. S. Adams* and *M. H. Blackshear,* for defendant.

BECK, P. J. (After stating the foregoing facts.)

1. We are of the opinion that the court properly disallowed the amendment, and subsequently, after hearing evidence, directed a verdict for the defendants. If there were no debts of the estate of J. J. Perry which rendered it necessary to sell the lands belonging to the estate, this could have been urged as a ground of a caveat to the application to sell the lands, and no reason is shown why this was not done. The order of the court of ordinary authorizing the same was a judgment of a court of competent jurisdiction, and can not be collaterally attacked; nor can it be vacated even in the same court, except upon notice and for good cause shown; and no cause is shown here, except that the allegation in the petition for leave to sell, showing that there were debts, was untrue. This allegation should have been contested upon that ground in a caveat filed before the order of the ordinary was granted. "Where after due notice leave has been regularly granted by the court of ordinary to sell realty of a decedent, equity will not restrain the sale by injunction at the instance of an heir on account of reasons which could have been as readily urged on a caveat to the application for leave to sell." *Bailey* v. *Ross,* 68 *Ga.* 735. And it can be said in this case, as in the one just cited, that "there is no pretense on the part of the complainant that any unusual course was taken by the administrator in making this application to procure this order of sale; and if he had any cause of objection such as he now sets forth in his bill, no excuse is given why the same was not offered by way of objection before the proper court that had full jurisdiction to hear and adjudicate the questions he now makes." While the language which we have quoted was used in a decision affirming the refusal of the judge to grant an injunction against the sale, we think the reasoning is applicable to the facts of the present case.

2. The court did not err in disallowing the amendment. The allegation in the amendment seeking to have the order granting leave to sell canceled on the ground of fraud in the procurement of the order was but a step toward the cancellation of the admin-

istrator's deed to Coney, the purchaser at the administrator's sale, and the deed from Coney back to Bowen, the former administrator. But these deeds could not be canceled without making Coney a party, and there was no attempt to make him a party to the case. 9 C. J. 1227, § 132, and cit.; *Kehoe* v. *Rourke,* 131 *Ga.* 269 (62 S. E. 185); *Biggs* v. *Silvey,* 140 *Ga.* 762 (79 S. E. 857).

3. In view of the rulings made above, the other rulings of the court below on the admissibility of evidence were not error.

*Judgment affirmed. All the Justices concur.*