BAILEY *v.* WILHITE, receiver.

No. 7061. JANUARY 20, 1930.

*C. L. Bryson* and *John J. Strickland,* for plaintiff in error.
*Pemberton Cooley* and *Jere S. Ayers,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) In the general grounds of the motion for a new trial the movant asked that the verdict be set aside as contrary to law and contrary to the evidence; and we are of the opinion that upon these grounds

the motion should not have been overruled. It is plain from the evidence that F. M. Bailey was dead at the time of the trial, and had been dead for a considerable time. In addition to the fact that the record discloses that no representative of this deceased party had been appointed, it appears in the bill of exceptions and is conceded by both counsel that this is the case. It is essential to cancellation of a deed that the grantor shall be a party to the case. It is the grantor's act and deed, no matter what may be the rights and interest of the grantee, which is sought to be annuled and rendered of no effect. It is obvious, therefore, that either the grantor personally or, if he be dead, his representative should have a day in court; and any attempt to derive rights by virtue of the cancellation of his deed is futile unless a judgment has been rendered declaring the instrument void, which will bind the grantor if living, or his estate if he be dead. We bear in mind that both parties in this case, as certified by the judge, proceeded to trial without calling the attention of the court to the fact that an administrator had not been appointed for F. M. Bailey, so as to be made a party in his stead. It is stated in the bill of exceptions that neither the counsel for the plaintiff nor counsel for the defendant knew that such administrator had not been appointed. Aside from these facts, under the rulings of this court in *Paulk* v. *Ensign-Oskamp Co.*, 123 *Ga.* 467 (51 S. E. 344), *Kehoe* v. *Rourke*, 131 *Ga.* 269 (62 S. E. 185), *Biggs* v. *Silvey*, 140 *Ga.* 762 (79 S. E. 857), and other cases, the grantor of a deed is not merely a proper party but is an indispensable party to a proceeding to cancel the grantor's deed. In this case all the relief sought by the plaintiff is dependent upon the cancellation of this deed. If an administrator should be appointed and should move to set aside the verdict and decree of the court in accordance therewith, which cancels the deed and subjects the property involved in this case to sale for the benefit of creditors, the court would be compelled to set aside such judgment, and the results of the trial would be nugatory. We are of the opinion that where a motion to set aside the verdict is embodied as one of the grounds of a motion for new trial, it is of the same force and effect as if the motion to set aside the judgment were made later, as provided by law, within the period of three years. It would certainly serve to speed the administration of justice. Since we are of the opinion that the verdict is contrary

to law and evidence, we think the learned trial judge erred in overruling the motion for a new trial on the general grounds.

The authorities seem to be conclusive that the judgment rendered in this case, in which the crux of the whole matter is the cancellation of the deed of F. M. Bailey, is void; and since he is an indispensable party, there can be no cancellation of the deed which will be beneficial to the receiver or to creditors whom he represents, so as to subject the property to their debts. In *Ellis* v. *Francis,* 9 *Ga.* 325, this court, Mr. Justice Warner delivering the opinion, held: "The second ground of error taken is the refusal of the court to grant the motion to set aside the verdict, on the ground that the plaintiff in the execution was dead. It was made to appear to the court that the plaintiff had been dead four years previous to the trial. The court refused the motion, unless the claimant would file his affidavit that he was ignorant of the fact at the time of the trial, which the claimant declined doing, and insisted on his motion to set aside the verdict. This motion, in our judgment, should have been granted, for the reason that the trial was a nullity when one of the parties was dead and unrepresented before the court." It appears in this case that the motion to set aside was equivalent to a motion for new trial, for it was made at the same term of the court "after the verdict was returned and before judgment thereon." It was merely a motion to set aside the verdict, as every other motion for new trial is, and not the statutory motion to set aside the judgment, which requires the filing of a petition and service on and answer by the defendant as in other suits. It has been insisted in the argument that there was a waiver by the defendant of the fact that the personal representative of the deceased defendant had not been made a party, and that counsel knew or should have known that an administrator had not been appointed upon Bailey's estate, and that as a consequence the court properly held that the invalidity of the judgment in favor of the cancellation of the deed can not be asserted. In *Ellis* v. *Francis,* supra, it will be observed that the court placed his refusal to set aside the verdict upon the ground that the claimant would not file his affidavit that he was ignorant of the death of the plaintiff in execution at the time of the trial. The court had the right to assume, from the refusal of the claimant to make affidavit as to ignorance, that he was not ignorant. In-

deed the court could not conclude, otherwise, when the claimant declined to assert that he was ignorant that the plaintiff in execution was dead. , As to this the court held: "If the counsel had knowledge of the fact of the death of the party, and failed to suggest the same to the court at the trial, that is a matter for the court to consider, whether as officers of the court they acted in good faith, or intended to practice a fraud upon the court; but however that may have been, it can not prevent the verdict from being considered as void in law, and consequently ought to have been set aside. See *Tedlie* v. *Dill,* 3 *Kelly,* 104." See also *Ray* v. *Anderson,* 114 *Ga.* 975 (41 S. E. 60) ; *Brown* v. *Tomberlin,* 137 *Ga.* 596, 601 (73 S. E. 947).

Except as indicated above, there was no error requiring the grant of a new trial. *Judgment reversed. All the Justices concur.*