19266.   SOWELL, Next Friend, *et al. v.* SOWELL.

SUBMITTED FEBRUARY 14, 1956—DECIDED APRIL 10, 1956.

352

*John J. Sullivan, James W. Head,* for plaintiff in error.
*Ernest A. Moran,* contra.

HEAD, Justice. "No persons are parties defendants to a bill in Chancery, except those against whom process is prayed, and who are specially named and described in it as defendants." *Carey* v. *Hillhouse,* 5 *Ga.* 251, 255. In the present case the grantor (husband of the defendant and former husband of the petitioner) is dead, and his administrator is not made a party defendant in the bill. The trial judge sustained a general demurrer and dismissed the petition. The question is made that the failure to name the administrator of the deceased as a party defendant is a matter for special demurrer and not general demurrer. On this question there has been, apparently, a wide divergence of opinion for many years, with many conflicts in the decisions of this court.

The conflicts seem to result, in many instances, from the failure to distinguish between a proper party, on the one hand, and a necessary or indispensable party, on the other. A proper party is one without whom a substantial decree might yet be made, but which decree would not settle all questions involved in the controversy. A necessary or indispensable party is one essential to give the court jurisdiction of the cause. See *Rice* v. *Tarver,* 4 *Ga.* 571, 586; *Railroad Commission of Ga.* v. *Palmer Hardware Co.,* 124 *Ga.* 633, 637 (53 S. E. 193).

The equity rule of force in this State is that all parties interested in the litigation should be made parties to the proceedings for equitable relief. Code § 37-1004. In its generality, this rule,

of course, includes proper parties and necessary or indispensable parties. The rule in Georgia is that the failure to name a proper party is a matter for special demurrer. The failure to name a necessary or indispensable party, such as the grantor in a deed which is sought to be canceled, is not a mere defect, but leaves the petitioner without a cause of action and the court without jurisdiction. In *Wagner* v. *Biscoe*, 190 *Ga.* 474, 477 (9 S. E. 2d 650), Mr. Chief Justice Duckworth stated the rule with reference to an indispensable party, from 14 C. J. 941, § 1461, as follows: "The corporation is a proper and indispensable party to a suit brought by one or more stockholders for its benefit. A failure to make it a party is not a mere defect of parties; it leaves the stockholder without a cause of action and the court without jurisdiction." The same rule applies with reference to the grantor of a deed sought to be canceled. In *Kehr* v. *Floyd & Co.*, 132 *Ga.* 626 (3) (64 S. E. 673), it was said: "A court of equity is without jurisdiction to decree the cancellation of the record of a deed, where neither the grantor nor the grantee is a party to the case, or otherwise represented." In the *Kehr* case the trial court sustained a general demurrer, and this court said that the petition was rightfully dismissed.

In *Hightower* v. *Mustian*, 8 *Ga.* 506, 510, in division 3 of the opinion, it was said: "The nonjoinder of parties is available, generally, by special demurrer; and the demurrer must show who are the parties wanting, and this, that the plaintiff may amend." In the next division it was said: "It has been held, however, that upon demurrer to a bill for want of equity, the objection that the bill is defective, for want of parties, may well be taken." In the *Hightower* case cancellation of a deed was not involved, it being an action to have the holder of assets declared to be a trustee for others not named as parties. The rule stated in the *Hightower* case, that failure to join a proper party is a subject for special demurrer, has been applied by this court in cases involving a proper party, and in cases involving a necessary or indispensable party.

Where there is conflict existing in the decisions of this court, the correct rule must be determined from the earliest decisions on the subject, and unless overruled, they are controlling. In *Smith* v. *Mitchell*, 6 *Ga.* 459, the rule is stated both as to proper parties

and essential parties, in headnotes 3 and 4, as follows: "If the proper parties are not before the court, and the court cannot make a complete decree without affecting their interests, the objection may be taken at the trial and the bill will be dismissed. The mere non-joinder of a party, who might be a proper party, but whose absence works no prejudice to the rights of those who are before the court, is not a fatal objection to the court's proceeding to a decree, and the bill will not be dismissed on that account at the hearing." In the body of the opinion (pages 467-468), it was said: "It is competent for the defendant to object at the hearing, that the proper parties are wanting—there are some considerations which modify this rule, but such is the general rule. 'If the proper parties are not made (says Mr. Story), the defendant may either demur to the bill, or take the objection by way of plea or answer, or when the case comes on to a hearing, he may object that the proper parties are wanting, or the court itself may state the objection and refuse to proceed to make a decree; or if a decree is made, it may, for this very defect, be reversed on a re-hearing or on an appeal; or if it be not reversed, yet it will bind none but the parties to the suit and those claiming under them.' Story's Equity Plead. § 75. . . The rule as to parties is variously stated by different commentators and eminent chancellors; all, however, agree in this—that Chancery will not proceed to a decree unless all parties interested in the subject of the suit are before the court."

The earliest case dealing with the reformation or cancellation of a contract which we have been able to find is that of *Wyche* v. *Green*, 32 *Ga.* 341, 345. In the opinion it was said: "No court of equity should undertake to reform a written instrument conveying title to property, in an essential matter, without having before it all the parties to be affected by the proposed reformation." In the *Wyche* case the trial court had overruled a general demurrer, and the judgment of the court below was reversed.

In *Findley* v. *McBurnett*, 60 *Ga.* 627, 628, it was said: "Where it is apparent upon the face of a bill in equity that no decree can be rendered in favor of complainants, a motion to dismiss it for want of equity may be made at the trial term." To the same effect see *Webster* v. *Thompson*, 55 *Ga.* 431, and *Kinnebrew* v. *McWhorter*, 61 *Ga.* 33.

As representative of cases where it has been said that non-joinder of parties is ground for special demurrer, and not general demurrer, see *Hand* v. *Dexter,* 41 *Ga.* 454; *Ray* v. *Pitman,* 119 *Ga.* 678 (46 S. E. 849); *Hunt* v. *Doyal,* 128 *Ga.* 416 (57 S. E. 489); *Cason* v. *United Realty &c. Co.,* 158 *Ga.* 584 (123 S. E. 894); *Reeves* v. *Tarnok,* 161 *Ga.* 838 (131 S. E. 891); *Evans* v. *Farkas,* 163 *Ga.* 433 (136 S. E. 279); *Greenwood* v. *Starr,* 174 *Ga.* 503 (163 S. E. 500); *Hughes* v. *Cobb,* 195 *Ga.* 213 (23 S. E. 2d 701).

For cases holding generally that the grantor and grantee of an instrument sought to be canceled are essential parties, see *Brown* v. *Brown,* 97 *Ga.* 531, 543 (25 S. E. 353, 33 L. R. A. 816); *Paulk* v. *Ensign-Oskamp Co.,* 123 *Ga.* 467 (51 S. E. 344); *Hamilton* v. *Cargile,* 127 *Ga.* 762, 766 (56 S. E. 1022); *Kehoe* v. *Rourke,* 131 *Ga.* 269 (4) (62 S. E. 185); *Roberts* v. *Moore,* 136 *Ga.* 790 (72 S. E. 239); *Taylor* v. *Colley,* 138 *Ga.* 41 (74 S. E. 694); *Biggs* v. *Silvey,* 140 *Ga.* 762 (79 S. E. 857); *Gibbs* v. *Harrelson,* 147 *Ga.* 404 (94 S. E. 235); *Brown* v. *Wilcox,* 147 *Ga.* 546 (94 S. E. 993); *Fordham* v. *Duggan,* 147 *Ga.* 610 (95 S. E. 3); *Bank of Commerce* v. *Mallicoat,* 150 *Ga.* 263 (103 S. E. 242); *Isom* v. *Nutting,* 153 *Ga.* 682, 688 (113 S. E. 197); *Bailey* v. *Wilhite,* 169 *Ga.* 794, 797 (151 S. E. 498); *Shepard* v. *Veal,* 178 *Ga.* 535 (173 S. E. 644); *Cain* v. *Bacon County,* 185 *Ga.* 459, 462 (195 S. E. 753); *Steadham* v. *Cobb,* 186 *Ga.* 30, 41 (196 S. E. 730); *American Fidelity & Cas. Co.* v. *Elder,* 189 *Ga.* 229, 232 (2) (5 S. E. 2d 668); *Parnell* v. *Wooten,* 202 *Ga.* 443, 448 (43 S. E. 2d 673); *Mason* v. *Young,* 203 *Ga.* 121, 122 (1, 4) (45 S. E. 2d 643); *Hazlerigs* v. *Butler,* 204 *Ga.* 98 (48 S. E. 2d 727); *Manning* v. *Simmons,* 207 *Ga.* 304 (61 S. E. 2d 150). In some of the above cases a general demurrer was sustained for failure to have both the grantor and the grantee as parties. In most of the cases the rulings were on other legal questions. It has never been held, however, that a deed can be canceled in a court of equity without making the grantor and the grantee parties.

Since, under all authorities of this State, in an action for cancellation of a deed, the grantor and the grantee are not only proper parties, but indispensable parties, the rule stated in *Smith* v. *Mitchell,* supra, *Wyche* v. *Green,* supra, *Findley* v. *McBurnett,* supra, and *Kinnebrew* v. *McWhorter,* supra, is controlling.

Where, as in the present case, the trial court sustains a general demurrer to the petition for any reason, and it appears that there is the want of an essential party, such as the grantor or the grantee of a deed sought to be canceled, this court will not do a vain thing and reverse the judgment, on the theory that the failure to name an indispensable party can be reached only by special demurrer, since in such a case no valid judgment granting the relief of cancellation could possibly be rendered.

*Judgment affirmed. All the Justices concur.*