THOMAS T. WYCHE and wife, plaintiffs in error, *vs.* THOMAS B. GREEN, *et al.*, defendants in error.

1. In a proceeding in equity, all persons having a legal or equitable interest in the subject matter of the suit, must be made parties ; and if those having an interest identical with complainant refuse to join him, they must be made defendants.
2. No Court of Equity should undertake to reform a written instrument, conveying title to property, in an essential matter, without having before it all the parties to be affected by the proposed reformation.

Bill for discovery, relief and injunction, in Upson Superior Court, and decision by Judge CABANISS, at the November Term, 1860.

On the 15th of February, 1817, Batt Wyche, of the county of Montgomery, executed a deed of gift conveying

to his " daughter, Patience Clark Green, (wife of Thomas B. Green,) and the issue of her body, four negro slaves, to-wit : Sally, (now runaway,) Moses, Ellick, and Seely, together with all their increase," before and after the execution of the deed.   This deed was recorded in the office of the Clerk of the Superior Court, on the 24th of May, 1817, and was delivered to Thomas B. Green, the said husband of the said Patience Clark Green.   Batt Wyche died in the county of Montgomery, in the year 1819, and Elias McElvan and George Wyche were appointed administrators of his estate.   By some means or other the original deed of gift passed from the possession of Thomas B. Green into that of the administrators of Batt Wyche, after having been kept by said · Green for many years.   When the deed was executed, Patience C. Green had but one child, and at the time of her death, which occurred in the year 1848, she had, and left surviving her, eight children and four grand-children, to-wit: Adeline W. Wyche, wife of Thomas T. Wyche, Amanda F. Collier, wife of Robert M. Collier, Ann C. Law, wife of Joseph Law, James M. Green, John M. Green, Thomas B. Green, Charles Henry Green, and Robert W. Green, and the children of Mary Adams, wife of Eleazor Adams, to-wit : Sarah, Patience, Elizabeth, and Nancy, whose mother and father are both dead.   The negroes mentioned in the deed of gift, with their increase, amounted to thirty-one in number, in the year 1851.

On the 15th of September, 1851, Thomas T. Wyche, and his wife, Adeline W. Wyche, filed their bill in equity, in Upson Superior Court, against Thomas B. Green, alleging the foregoing facts, and also charging, that before, and at the time of executing the deed of gift, it was the wish, purpose, and intention of the said Batt Wyche, to convey and secure the title and use of the negroes mentioned in the deed, to the said Patience C. Green, for and during her lifetime, with remainder in fee simple to her children at her death, that is to say, the said Patience C. to have a life estate in the negroes, and at her death they should be divided, share and share alike, amongst her children.   The bill

further alleges, that the said Batt Wyche, Patience C. Green, Thomas B. Green, and the draftsman of the deed, thought that this purpose was being accomplished by said deed, but that by mistake of the said draftsman the deed was drawn as it is, instead of the way it was intended to be drawn, and that the deed does not speak the true intention and purpose of the parties thereto ; that the said Thomas B. Green received the negroes and the deed into his possession, understanding and believing that his wife had only a life estate in the negroes, with remainder in fee simple to her children, and that the said Patience C. so understood and regarded the transaction up to the day of her death.

The bill also alleges, that Thomas B. Green now wrongfully pretends that said negroes and their increase belong to him, and that such mistake as that alleged was ever made in drafting the deed, and refuses to deliver up said negroes, to be divided amongst the children of the said Patience C. Green, according to the wish and intention of the parties.

The bill prays a reformation of the deed, and injunction against the trial of an action of trover pending for the negroes, until the further order of the Court, and for general relief.

Pending the aforesaid bill, to-wit, in November, 1860, the complainants amended their original bill, by alleging that the defendant had combined and confederated with James W. Green, John M. Green, Charles H. Green, Robert W. Green, Thomas B. Green, Joseph Law and his wife, Ann C. Law, the other children of the said Patience C. Green, for the purpose of defeating the complainants of their just and equal rights in and to said negroes, and that the said Thomas B. Green has turned over and delivered a portion of said negroes to each of his said confederates, and that complainants are not able to specify the names, ages, health, condition, value, and hire of the negroes retained by the said Thomas B. Green, and of those delivered to his said confederates.

The complainants also amend the prayer of their bill, by asking that the said confederates may all be made parties to the bill, and may discover and set forth the names, health,

condition, and value, and value for hire of the negroes that each have in possession, and how and when they received them, and that a full accounting and division of said negroes and their hire may be had and made between the parties entitled thereto.

After the amendment was made, and notice of the same duly acknowledged, the defendants demurred to said amendment upon the ground that there was no equity in said amended bill, and that by complainants' own showing, they were not entitled to any relief against these defendants.

After argument had on said demurrer, the Court passed an order overruling the amendment, and complainants prosecute the writ of error in this case to reverse that decision.

GIBSON, PEEPLES and CABANISS, for plaintiffs in error.

P. W. ALEXANDER, J. M. SMITH, J. J. FLOYD, for defendants in error.

*By the Court.*—JENKINS, J., delivering the opinion.

Plaintiffs in error having filed a bill to have a deed or bill of sale reformed, by correcting an error prejudicial to the rights of themselves and several others, (the brothers and sisters of one of the complainants,) subsequently filed an amendment to the original bill, charging fraud and collusion between the defendant and the brothers and sisters of said complainants, and praying that the latter be made parties defendant, and that the Court will decree, not only a reformation of the instrument, but a distribution of the property thereby conveyed then in the possession of the original defendant, among the complainants and the defendants now sought to be made parties. To this amendment defendants demurred, and the demurrer having been sustained, plaintiffs except. The question has been argued on both sides with reference to the new allegations and additional prayers for relief made in the amended bill. But in our view, if the original bill had for its single object the reformation of the instrument, in a matter seriously affecting the rights of the complainants and

several others similarly situated, those others were necessary parties, and if not made parties originally, should be afterwards brought in. The rule is, that all persons having a legal or equitable interest in the subject matter of the suit, must be made parties. And if those having an interest identical with the complainants refuse to join, they must be made defendants. Courts of equity will entertain bills of equity against defendants, having directly opposite interests. 2d Story's Equity, 15–26. It is manifest that the parties now sought to be brought in are directly and materially interested in the subject matter of the suit. No court of equity should undertake to reform a written instrument conveying title to property, in an essential matter, without having before it all the parties to be affected by the proposed reformation.

Believing, therefore, that the defendants now sought to be made parties should be brought in, to cure a defect in the original bill, if for no other reason, we think the Court erred in sustaining the demurrer.

Let the judgment be reversed.