## MILLER *et al. v.* BUTLER *et al.*

Where a consent decree was rendered, and under it the title to certain lands was determined and a sale made in accordance therewith, in order for persons claiming as beneficiaries of a trust, and whose trustee was a party to said decree, to set aside the decree and recover the lands, it is necessary to make all parties to said decree who would be affected by setting it aside parties defendant to the proceeding instituted for that purpose. The mere allegation that one of them died before the decree was rendered, that his administrator was made a party and joined in the consent, and that such administrator had since died, is not alone sufficient to excuse the failure to have a representative of the estate present as a party defendant.

(a) The court properly sustained the demurrer on the ground that a representative of the estate of Willis Miller was a necessary party to the suit.

NOVEMBER 14, 1911.

Equitable petition. Before Judge Roan. Troup superior court. November 14, 1911.

*W. H. Terrell,* for plaintiffs.

*F. M. Longley,* for defendant.

HILL, J. F. M. Miller and others filed an equitable petition in Troup superior court against H. C. Butler and H. W. Miller, trustee, in which they made substantially the following allegations: The plaintiffs, except two who are minors, are the grandchildren of

Willis Miller, deceased, and are the children of H. W. Miller and his wife, Mary Jane Miller, and the two minor plaintiffs are children of a deceased child of H. W. Miller and his said wife. Said Willis Miller died some time between December 1, 1887, and May, 1895, and E. T. Winn qualified as administrator upon his estate. Said Winn is now dead, and there is no administration upon the estate of Willis Miller. On December 1, 1887, Willis Miller executed and delivered a deed to H. W. Miller, trustee, and his wife Mary Jane Miller, and all the children of H. W. Miller, covering, among other property, "land lot No. 187 in the 6th district of Troup county; also land lot No. 186 in said 6th district of Troup county, which was and is also known as the Hopson place; also fifty acres known as the Curtwright place. . .· All of said tracts containing 439 acres." Upon delivery of the deed to Miller as trustee, Willis Miller put "the said H. W. Miller as trustee and his wife and children aforesaid in possession of said lands, and they accordingly went into possession thereof, and the said H. W. Miller as trustee remained in possession of said property until some time in 1895." The defendant Butler having begun to trespass on the Curtwright place under a pretended claim of title, and having an action pending against Willis Miller to recover an alleged indebtedness, Willis Miller and H. W. Miller as trustee brought an action against him to enjoin the trespass, recover damages therefor, cancel his pretended claim of title, and enjoin further prosecution of his action against Willis Miller. A temporary restraining order was granted on the petition, and remained in force until May term, 1895, of Troup superior court, no trial of the case being had, and H. W. Miller as trustee all this time remaining in possession of the property. Prior to said May term, 1895, Willis Miller died, and E. T. Winn was appointed administrator of his estate, and made a party to said case in place of Willis Miller. On April 23, 1895, said action was settled by an agreement then entered into, which was kept secret between the parties thereto, to wit, "the said Butler and H. W. Miller as trustee and his wife Mary Miller. The said agreement provided that the said Butler should have a decree at the May term, 1895, settling in himself the title to the Hopson and Curtwright places, and also a decree against the estate of Willis Miller for between $2,000 and $3,000 which should be binding on the lands of Willis Miller," and that certain lands

should be levied upon and sold under execution issued on the decree, and that Butler should buy them in at the sheriff's sale and make an absolute deed to one of the places named to H. W. Miller and his wife. At the May term, 1895, a decree was taken in accordance with the agreement, upon which execution was issued, and "said Old Home Place was levied on and sold by the sheriff under said execution, and deed to the same made by the sheriff of Troup county, and in accordance with said decree and said deed said Butler in the year 1895 went into possession of all of said lands aforesaid, and has so remained ever since." The agreement referred to was kept secret, and plaintiffs knew nothing about its terms or purport until a short time ago; whereupon they employed counsel and instructed them to bring this suit. "Petitioners say that this decree and the contract upon which it was taken was and is a fraud upon them, and that said decree was obtained by fraud; and they ask the court to so decree and that the same be not binding upon them." Owing to the fact that their trustee was their father, and having confidence in him, they made no inquiry until recently into his acts concerning the trust property. Some of plaintiffs are now minors, and others were until 1904 and 1906. They are informed Butler claims to have sold part or all of said lands to innocent purchasers. They prayed: that they recover the lands and mesne profits; that said decree be declared to be fraudulent; that whatever titles Butler may have to the land be canceled and the record thereof canceled; that if any of the lands be decreed to be in the hands of innocent purchasers, the plaintiffs recover their value and mesne profits thereof; and for general relief. By amendment it was alleged: "The administrator aforesaid was a friend of the parties to said suit aforesaid, took no interest in the same, and cared nothing about it, knowing that the estate of Willis Miller had no interest in the final result, whatever its termination; therefore he permitted the other parties to said suit to enter whatever decree they pleased, without inquiry as to their motives or agreements."

The defendant Butler filed general and special demurrers to the petition, upon the hearing of which the court passed the following order: "It appearing to the court by the petition of plaintiff that Willis Miller has no representative on his estate in this case, and the defendant having demurred to said petition on the ground that

there is no party representing the estate of Willis Miller in this case, that part of the demurrer raising this question is sustained; and it is ordered that said case be dismissed, unless petitioners amend their petition by making proper parties to said petition in so far as the estate of Willis Miller is concerned, and serve the defendants with notice of said amendment thirty days before next term of this court. The other demurrers are not passed on." To this judgment the plaintiffs excepted "in so far as the same sustains the demurrer of the defendant Butler therein specified and dismisses said case." They also excepted to the refusal of the judge to pass upon the other grounds of demurrer; but this contention was abandoned on the oral argument of the case in this court.

Did the court below commit error in sustaining the demurrer and dismissing the case? We think not. The controlling question in this case is whether a representative of the estate of Willis Miller, deceased, should have been made a party to the suit in the court below. The trial judge, in sustaining the demurrer, thought that it was necessary to make a representative of this estate a party to the suit brought by the plaintiffs to recover the land in controversy; and so do we. E. T. Winn, the former administrator of the estate, was a party of record to the former suit and was a party of record to the decree under which the land in controversy was sold. This decree, rendered in 1895, was the basis of the execution levied upon the land which was bought by the defendant Butler. One of the prayers of the petition is that the decree rendered in 1895 be declared fraudulent and void. To do so would be to leave the case pending in Troup superior court as it stood prior to the decree. Under the allegations of the petition, the estate of Miller certainly had an interest in that suit. Whatever interest the estate of Miller had in the suit prior to the decree, it would still have if the decree were set aside. It is not alleged in the petition that the estate is insolvent, or that there are no creditors or heirs other than plaintiffs. The burden is on the plaintiffs to allege facts showing that the estate of Willis Miller has no such interest in the result of the suit as to make it necessary that his estate be represented therein. The decree of May, 1895, was rendered in a case to which H. W. Miller as trustee of the plaintiffs was a party, and by his consent. It is therefore binding on the plaintiffs until reversed or set aside; and until this be done the plaintiffs cannot obtain any of the relief

they are seeking. In order to set the decree aside, it is necessary that the parties thereto, or their representatives, be parties to the proceeding in which it is sought to have this done; and a representative of the estate of Willis Miller being a party to the decree, a representative of that estate must be a party to the present suit, which necessarily involves the setting aside of that decree as a condition precedent to any right on the part of the plaintiffs to obtain the relief sought by them. *Bullard* v. *Wynn,* 134 *Ga.* 636 (2), (68 S. E. 439). In the case of *Henderson* v. *Napier,* 107 *Ga.* 342 (33 S. E. 433), this court held: "Where equitable proceedings are instituted which pray for relief touching rights and interests of the petitioners in certain specific property, and the petition discloses the fact that others are directly interested in the property, who are not made parties to the proceedings, and whose interests would be affected by the grant of the relief sought, such other persons are proper and necessary parties to the action." See also *Bond* v. *Hunt,* 135 *Ga.* 733 (70 S. E. 572). The decision in the case of *Bledsoe* v. *Bledsoe,* 29 *Ga.* 385, is not in conflict with the decision we now make. In that case the question was whether the plaintiffs could sue in their own names, or whether the property could only be recovered by an administrator de bonis non upon the estate of Morton Bledsoe. But the question in this case is not whether the plaintiffs can sue, but whether, if they do sue, the effect of the suit would be to injure others who should be made parties to the suit. Undoubtedly the plaintiffs can bring suit to assert their legal or equitable rights, whatever they may be; but they can not maintain a suit without the proper parties being made. To allow suitors to do so would be to injure and damage those who have rights as well as they. The estate of Willis Miller had rights in the suit pending in Troup superior court which culminated in the decree of May, 1895, and to allow a subsequent suit the effect of which, if successful, would be to set aside that decree, without making a representative of Willis Miller a party as such, would be to try a case without proper and necessary parties. We therefore think the judgment of the court below should be

*Affirmed. Beck, J., absent. The other Justices concur.*