### MILLER *et al.* v. BUTLER.

HILL, J. 1. A creditor and the settlor of a trust estate had mutual actions pending against each other; and they were all tried under an equity case, in which a decree was rendered, fixing the title of the land involved, and also giving to the creditor a personal decree against the settlor of the trust estate for a large amount of money. In a suit to set aside this judgment, by the beneficiaries of the trust estate, the settlor or his legal representative is a necessary party. See *Miller* v. *Butler*, 137 *Ga.* 90 (72 S. E. 913).

2. The present case, except as to the question of proper parties, in nowise differs from the former (just cited), other than that it alleged that the settlor's estate is insolvent. This does not relieve the plaintiffs from the necessity of making his personal representative a party.

3. The court passed an order requiring the plaintiffs to make the administrator of the settlor a party within four months. Instead of complying with the order, the plaintiffs offered to amend by making as parties, in lieu of the representative of the estate of the deceased, certain remote heirs of the decedent. If the decree were to be vacated, the creditor would be entitled to be restored to his former status, so that in his suit he could obtain a judgment against the estate of the settlor of the trust. Many of the heirs proposed to be made parties were heirs twice removed from the deceased settlor, with intervening estates, and the creditor would not be in a position to take any judgment against the heirs, as the facts alleged are not sufficient to entitle him to a judgment against them.            *Judgment affirmed. All the Justices concur.*
                        JUNE 23, 1915.

Equitable petition. Before Judge Freeman. Troup superior court. February 9, 1914.

*W. H. Terrell,* for plaintiffs. *F. M. Longley,* for defendant.