BRYAN *et al.* v. BRYAN *et al.*

No. 7304.    APRIL 19, 1930.

478

*O. A. Nix*, *W. L. Nix*, and *I. L. Oakes*, for plaintiffs in error.
*Frank T. Grizzard*, *H. F. Sharp*, and *John I. Kelley*, contra.

RUSSELL, C. J. (After stating the foregoing facts.) We are quite clear that the court did not err in refusing to sustain the general demurrer and to dismiss the petition. The first three grounds of the demurrer, that the petition sets forth no cause of action, that there is no equity in said petition, and that plaintiffs have a complete and adequate remedy at law and have no right to the equitable relief asked for, do not, under the provisions of our Code, in any sense challenge the validity of the cause of action set forth by the petitioners. The case stated is one in which eight brothers and sisters and the mother of one of the heirs at law of J. H. Bryan selected him to wind up the estate of the dead husband and father. They clothed him with ample authority. He was to operate the farms just as his father had operated them, collect the funds as his father would have collected them, and as a special representative of each and all, chosen by the unanimous voice of the family, wind up the estate. The power of attorney says "operate the farms," and yet it now transpires that instead of there being three farms as the heirs supposed, this brother concealed the fact that he had already purchased from his father all his lands except 33 acres. We are not speaking of what the evidence may disclose, but of what upon demurrer must be treated as conceded to be true. Without going into other details that might be referred to, it is enough to say that no application for administration had been granted prior to the filing of this petition. From September,

1927, until May 2, 1929, as alleged in the petition, D. L. Bryan did nothing beneficial to the heirs at law of his father under the powers granted to him, except indulge an apparent attempt to absorb the estate for himself and refuse to account for the rents, issues, and profits from the lands in which the heirs at law thought they had interest. Section 4075 of the Code provides: "A court of equity shall have concurrent jurisdiction over the settlement of accounts of administrators." In the trust of his family D. L. Bryan had been created a quasi-administrator; and certainly, if he was not an administrator, the allegations of the petition are such as to give equity jurisdiction to compel an accounting on the part of this attorney in fact or agent. "Assets are either legal or equitable; the former are such as may be reached by the ordinary process of law; the latter are such as can be reached only through the intervention of a court of equity. The former, when properly before a court of equity, are distributed according to legal liens and priorities; the latter, according to justice and right in the particular case, the general rule being that equality is equity." Civil Code (1910), § 4594. "Sometimes assets are partly legal and partly equitable; in such cases, while the above rule is adhered to as to the legal assets, equity will so administer the equitable as to produce general equality." § 4595. And while it is provided in section 4596 that equity will not interfere with the regular administration of estate, except upon the application of the representative, either, first, for construction or direction, and second, for marshaling the assets, still, upon the application of any person interested in the estate, where there is danger of loss or other injury to his interest, equity will interfere.

It does not appear from this record that J. H. Bryan owed any debts. "Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law." Civil Code (1910), § 3929. In this case no administrator had been appointed, and the plaintiffs, being interested in the estate, realized that there was danger of loss to them unless a court of equity took charge of the assets of the estate and administered the same through a receiver appointed by the court. In *Cross* v. *Johnson,* 82 *Ga.* 67 (8 S. E. 56), it was held: "Realty vests in heirs immediately. Widow is coheir with her children, unless she takes dower. Before an administrator is appointed, she may rent out the lands, if adult

children do not object, and the administrator when appointed need not prevent her from collecting the rents, but may aid her in doing so, without incurring liability as administrator. If assets with which the administrator is chargeable be applied to the year's support of widow and minor child, the administrator may take credit for the same, although no year's support has been formally set aside, the burden being upon him to show that the amount was necessary and not excessive." Under the power of attorney given to D. L. Bryan, he had the right to act just as the deceased would have acted and collect the claims due the estate, pay the debts, if any, and distribute the remainder among the heirs at law. The title to the lands being in the heirs at law, there is no necessity for an administrator, as each heir at law has a certain interest in the lands in question. That being true, a suit against D. L. Bryan and Miss Alma M. Bryan, to set aside the deeds of which complaint is made as being fraudulent, would be a valid suit as against parties holding land. We are of the opinion that the court correctly held that the petition set forth a cause of action, and that the intervention of equity is not only appropriate but necessary, because in the condition of affairs apparent from the allegations of the petition the petitioners and other heirs at law of J. H. Bryan will not have as adequate or as speedy a settlement of the estate as can be obtained in equity. Equity having taken jurisdiction, and having all parties at interest before it, the court of chancery, having at least concurrent jurisdiction in such accounting as is here involved with the court of ordinary, can most properly proceed to discharge one of the duties for which it has from the earliest times been considered peculiarly appropriate.

Another ground of demurrer alleges that one of the plaintiffs, acting for himself and for the other plaintiffs in said case, filed an application for letters of administration in the court of ordinary of said county, thus recognizing and alleging that it was necessary for said estate to be administered through the court of ordinary. As appears from the record, it is true that J. N. Bryan applied for letters of administration for himself, but the application was dismissed; and so we are of the opinion that the court properly held that he was not estopped to proceed as a plaintiff in this case. Furthermore, the fact that one of the plaintiffs was disqualified, while it might result in the dismissal of that plaintiff

from the action, could not result in the dismissal of the cause on the part of the remaining plaintiffs.

There is no merit in the demurrer based upon misjoinder of parties and of causes of action. All parties may be joined in any proceeding in equity who have a common interest in the same subject-matter. That ruling applies to the fifth, sixth, seventh, eighth, ninth, tenth, and eleventh grounds of the demurrer.

The twelfth and thirteenth grounds of demurrer are special, and are addressed to paragraphs fifteen of the petition and eleven of the amendment to the petition. Both are based upon the ground that the allegations of these respective paragraphs are mere conclusions of the pleaders, and that there are no sufficient allegations of fraud to support an action to set aside a deed or to authorize the relief prayed for. Neither demurrer is meritorious. Paragraph fifteen must necessarily be construed as a part of and in connection with the whole petition. It is true that this paragraph is the conclusion of a number of statements of facts charging or indicating fraud. In this paragraph it is stated "That the conveyance from the defendant D. L. Bryan to Miss Alma M. Bryan was a fraudulent scheme on the part of the defendants to convey said lands in order that the heirs at law of the said J. H. Bryan deceased might be defrauded of their rights in said lands." In the eight preceding paragraphs of the petition, as appears from the statement of facts, it is fully set forth that J. H. Bryan, the deceased, had deeded to D. L. Bryan one tract of land for $2000 and another for $3000, for which it is alleged the latter had never paid a single cent, and that one of these tracts he had in turn conveyed to Miss Alma M. Bryan for a mythical consideration of $2000, of which it is alleged not one cent had been paid. So much for what antecedes paragraph fifteen. Immediately following, in paragraph sixteen, it is alleged that these deeds were executed by J. H. Bryan when "he was in such condition mentally that he was not cognizant of the fact that he was executing a warranty deed, . . and that said J. H. Bryan did not, at the time of the execution of such deeds, possess sufficient mental capacity to execute the deeds." So much for D. L. Bryan; and Miss Alma Bryan is alleged to have been living in the same house in which her father was in this condition, of which she must have been cognizant. Considering paragraph fifteen with its context, we do not think the judge erred in over-

ruling the demurrer. Paragraph eleven of the amendment is "that the defendants mentioned in this amendment in connection with the other defendants each conspired the one with the other to divide the estate of J. H. Bryan among themselves and to defeat these petitioners." The demurrer is based upon the ground "that there are no sufficient allegations of fraud to support the action to set aside said deeds or authorize the relief prayed for." It does not seem that the eleventh paragraph of the amendment refers by name to the subject of fraud. The court correctly overruled it for that reason, and also because the statement that the defendants named in the amendment conspired with the other defendants to divide the estate among themselves is the statement of a fact. It is not a conclusion. The paragraph might be demurrable for the reason that it is not stated what they said in conspiring or what they did in pursuance of the conspiracy, but the statement that they conspired is the statement of a fact.

The case of *Bailey* v. *Wilhite,* 169 *Ga.* 794 (151 S. E. 498), has been cited as authority for the proposition that the plaintiffs in the court below could not have the deeds made by J. H. Bryan in his lifetime canceled as prayed, when it appears that J. H. Bryan is dead and his representative is not a party to the case. It is true as a general rule, as stated in *Bailey* v. *Wilhite,* that it is essential to the cancellation of a deed that the grantor of the deed be a party to the case, and that the grantor personally, or, if he be dead, his representative should have a day in court, and any attempt to derive rights by virtue of the cancellation of his deed is futile unless a judgment has been rendered declaring the instrument void, which will bind the grantor if he be living or his estate if he be dead. However, the facts in this case are altogether different from those in the *Bailey* case. In that case Bailey was a party and recognized as a necessary party under the general rule stated that "It is essential to the cancellation of a deed that the grantor of the deed shall be a party to the case." Upon his death, under the general rule, a representative of the deceased must take the place of the deceased before the court is ready to proceed. Possibly in the case at bar, if cancellation, as that term is generally understood, is insisted upon, it may be necessary to have an administrator appointed for J. H. Bryan. But in the present case there are not only prayers that three certain deeds be canceled, that is, there is a

prayer for cancellation along with a prayer that the deeds be set aside, but there are also ahead of these prayers that these three certain deeds be declared null and void and set aside upon the ground of fraud. So in this case, even though the prayer for cancellation could not be granted without the appointment of an administrator for J. H. Bryan, we see no good reason why the deeds executed by J. H. Bryan as one incompetent to execute a deed on account of mental or physical weakness, or because the deed was obtained by fraud of any kind, could not be set aside on proper proof of such mental weakness, or such undue influence as so affected J. H. Bryan that he was not conscious, as alleged, that he was executing deeds to his son. Certainly, under the rule to which we have already referred, the fact that the plaintiffs could not obtain cancellation would not authorize the dismissal of the petition or deny the right to set aside the deeds for the reasons stated.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the result.