GRIFFIN *et al. v.* BOOTH, administrator, *et al.; et vice versa.*

Nos. 8876, 8938.   NOVEMBER 16, 1932.
REHEARING DENIED JANUARY 14, 1933.

*Remer Proctor* and *Francis B. Hunter,* for plaintiffs.
*Hinton Booth* and *Howell Cone,* for defendants.

HILL, J. (After stating the foregoing facts.) We consider first the assignments of error in the cross-bill of exceptions. On the general grounds, we hold that the verdict is supported by the evidence; and on the grounds alleging that the court erred in its charge to the jury, we hold that there was no error requiring a new trial.

The effect of the verdict is that the title to the land in question is in the plaintiffs, Eliza Griffin and her son, Sidney Harmon, and in the son by Nellie Harmon, who is Jesse Harmon; that Nellie Harmon had no title to the land; and therefore that Nellie (Harmon) Odom was a trustee ex maleficio for the real owners of the land and that she had no insurable interest therein, and when she took out the policy of tornado insurance in her own name she merely held that property as trustee ex maleficio for the real owners, she having acquired the property under a pretended claim of its having been set aside to her as a year's support. Therefore the court erred in directing a verdict for the administrator of the estate of Nellie (Harmon) Odom, for the amount of the insurance policy; and direction is given, under the provisions of the Civil Code (1910), § 6103, par. 2, that upon the return of the remittitur from this court the judgment of the trial court be amended, so that the money in the hands of the administrator of the estate of Nellie

(Harmon) Odom, which was ordered by the court to be paid to her administrator, be distributed into three equal parts among the heirs at law of Walton Harmon, to wit, Eliza Harmon Griffin, Sidney Harmon, and Jesse Harmon, less the amount of the insurance premium paid by Nellie (Harmon) Odom.

As to Jesse Harmon being an heir at law of Walton Harmon, it appears from the evidence in the case that Nellie Harmon (Odom) and Walton Harmon went through the form of a ceremonial marriage and lived together for a number of years as husband and wife, without Walton Harmon having been divorced from his first wife, Eliza Harmon (now Griffin); and under the Civil Code (1910), § 2935, in such circumstances the offspring of such a marriage will be considered legitimate until such marriage is declared null and void and set aside.

*Judgment on the main bill of exceptions reversed, with direction. Judgment on the cross-bill affirmed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*