## 18411. FLINN v. FLYNN.

SUBMITTED NOVEMBER 10, 1953—DECIDED JANUARY 11, 1954.

*Congdon, Harper & Leonard,* for plaintiff in error.

*Maurice Steinberg,* contra.

CANDLER, Justice. (After stating the foregoing facts.) 1. It is a well-settled rule that all persons who are directly or consequentially interested in the result of litigation should be made parties, either plaintiff or defendant, to proceedings for equitable relief. Code § 37-1004; *Wyche* v. *Green,* 32 *Ga.* 341; *Blaisdell* v. *Bohr,* 68 *Ga.* 56; *Henderson* v. *Napier,* 107 *Ga.* 342 (33 S. E. 433); *Bond* v. *Hunt,* 135 *Ga.* 733 (1) (70 S. E. 572); *First National Bank of Sparta* v. *Wiley,* 150 *Ga.* 759 (2) (105 S. E. 308). A petition for equitable relief which fails to name essential and indispensable parties, namely, those who will be adversely or prejudicially affected by the judgment prayed for, is defective

and subject to demurrer. *Parnell* v. *Wooten,* 202 *Ga.* 443 (43 S. E. 2d 673), and citations.

2. In the present case the plaintiff seeks to vacate and set aside a year's support judgment, but Harriette Faye Flynn, a minor, is not a party to the proceeding. By the judgment sought to be vacated and set aside, she acquired an interest in the property set apart as a year's support (*Walden* v. *Walden,* 191 *Ga.* 182, 12 S. E. 2d 345; *Mixon* v. *Sumner,* 205 *Ga.* 579, 54 S. E. 2d 411; *Ennis* v. *Ennis,* 207 Ga. 665, 63 S. E. 2d 887); and this is true even if the marriage between her mother and her father was in fact a bigamous one, it not appearing that such marriage had ever been declared void by a court of competent jurisdiction. Code § 53-104; *Griffin* v. *Booth,* 176 *Ga.* 1 (167 S. E. 294); *Campbell* v. *Allen,* 208 *Ga.* 274 (66 S. E. 2d 226). Having acquired vested property rights in consequence of the year's support judgment, she was an essential and indispensable party to an equitable proceeding to vacate and set it aside. "In a proceeding in equity, all persons having a legal or equitable interest in the subject matter of the suit must be made parties." *Wyche* v. *Green,* supra. Full and final relief could not be administered by the court unless she was a party, and it was therefore necessary that she be a party to the action. For this controlling reason the judgment complained of is not erroneous. See *Brown* v. *Brown,* 97 *Ga.* 531 (25 S. E. 353); *Miller* v. *Butler,* 137 *Ga.* 90, 93 (72 S. E. 913); *Isom* v. *Nutting,* 153 *Ga.* 682 (113 S. E. 197).

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*