20828.   DEEN *et al.* v. McCORKLE *et al.*

SUBMITTED MARCH 15, 1960—DECIDED MAY 5, 1960.

*Harrison & Henry, Robt. W. Harrison, O. Robert Henry, Jr.,* for plaintiffs in error.

*Marshall Ewing, Jack J. Helms, Robt. B. Sumner, Edward Parrish,* contra.

QUILLIAN, Justice. Robert Henry Deen and Mildred B. Deen as

next friend of Doris Beth Deen, intervenors (plaintiffs in error here), should have been permitted to intervene because as heirs of Mrs. Fannie Dickenson they were interested in the subject matter, the assets of her estate, and had rights that they were entitled to assert in setting aside the discharge of the administrator and compelling him to account to them for their respective shares of the estate. "A court of equity may bring before it and adjudicate for all parties who have a common interest in a single subject-matter, as had the several heirs of the decedent in this case." *Bryan* v. *Bryan*, 170 *Ga.* 472 (3) (153 S. E. 188).

We are aware that Code § 37-1004 provides in part: "legatees, distributees, and wards suing executors, administrators, and guardians, need not join others interested in the estate as parties plaintiff or defendant." The Code section means no more than that generally others interested in the estate are not essential parties in a suit brought by legatees, distributees, and wards, suing executors, administrators, and guardians, but does not provide that legatees, devisees, or heirs having an interest in the estate and the manner in which it is administered may not in a proper case intervene to assert their rights, such as obtaining a revocation of the discharge of guardian, executor, or administrator and obtaining a complete accounting of such fiduciary as to the whole estate. "It is a well settled rule that all persons who are directly or consequentially interested in the result of litigation should be made parties, either plaintiff or defendant, to proceedings for equitable relief." *Flinn* v. *Flynn*, 210 Ga. 280, 281 (79 S. E. 2d 534). See also, in this connection, *Tison* v. *Tison*, 12 *Ga.* 208.

*Judgment reversed. All the Justices concur.*